UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| EDUARDO ENRIQUE ALEGRETT, | No. C12-5538 MEJ |
| Plaintiff, | **ORDER DENYING MOTION TO BIFURCATE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | **Re: Docket No. 19** |
| Defendants. | |

This is an action pursuant to 42 U.S.C. § 1983 and supplemental state law claims to recover damages arising out of an alleged incident of improper conduct by a police officer. The matter comes before the Court upon consideration of Defendants City and County of San Francisco, San Francisco Police Chief Greg Suhr, and San Francisco Police Officer Matthew Sullivan's motion to bifurcate trial and to stay discovery on Plaintiff Eduardo Enrique Alegrett's claims under *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978). The Court finds this matter suitable for disposition without oral argument and hereby VACATES the April 4, 2013 hearing.

The question of whether to bifurcate a trial is a matter committed to this Court's discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Federal Rule of Civil Procedure 42(b) grants district courts the discretion to bifurcate claims in a single action. It provides that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues, always preserving the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b); *see also Arthur Young & Co. v. U.S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977). As set forth in Rule 42(b), when exercising its discretion, a court may consider such factors as convenience, the need to avoid prejudice and confusion, and judicial economy. *Spectra-Physics*

*Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal. 1992). However, absent some experience demonstrating the worth of bifurcation, "separation of issues for trial is not to be routinely ordered." Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 42(b).

According to Defendants, Plaintiff's claims against Officer Sullivan are straightforward, while the claims against the City and Chief Suhr are more complicated and require significantly more discovery. Defendants argue that adjudication of the *Monell* claims would be unnecessary if a jury finds that Sullivan did not violate Plaintiff's constitutional rights. Defendants further contend that Sullivan may be unfairly prejudiced if the claims against him are tried simultaneously with the claims against the City and Chief Suhr, because evidence irrelevant to the claims against him, such as evidence of unrelated instances of excessive force by other officers, would be admitted at trial for the *Monell* claims.

At this point in the litigation, it is not yet clear whether Plaintiff will be successful on any of his claims. The Court finds that it would be most efficient to move forward on all of Plaintiff's claims simultaneously. Therefore, at this time, the Court does not believe that judicial economy would be served by hearing the claims against Officer Sullivan and the claims against the City and Chief Suhr separately. Further, the Court is not persuaded at this time that bifurcation is required to avoid prejudice to Officer Sullivan. Accordingly, the Court DENIES Defendants' Motion to Bifurcate. This ruling is without prejudice to Defendants renewing their motion to bifurcate trial after the summary judgment stage. By that time it will be clear whether Plaintiff's claims against Officer Sullivan and his claims against the City and Chief Suhr will be tried, and the parties should have more information regarding the evidence that supports their respective cases. Because the Court finds that bifurcation is unwarranted, the Court also finds that staying discovery on Plaintiff's claims against the City and Chief Suhr is unnecessary, and therefore DENIES Defendants' motion to stay discovery as well.

**IT IS SO ORDERED.**

Dated: March 15, 2013

_____
Maria-Elena James
United States Magistrate Judge