UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| EDUARDO ENRIQUE ALEGRETT,<br><br>    Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants.<br>_____/ | No. C 12-5538 MEJ<br><br>**ORDER RE: REQUEST TO EXCEED PAGE LIMIT AND FILE UNDER SEAL**<br><br>**(Dkt. No. 31)** |

The Court is in receipt of Plaintiff's Administrative Motion to File Joint Discovery Dispute Letter Under Seal and to Exceed Page Limit. Dkt. No. 31. Plaintiff's request to exceed the page limit is GRANTED, but only for the referenced dispute and not for any future disputes.

As to Plaintiff's request to file the entire letter under seal, he has failed to establish good cause. The legal standard in this area is provided by *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir.2006) and Civil Local Rule 79-5. In *Kamakana*, the Ninth Circuit held it is a general rule that documents filed with a court must be open to public inspection, so the people and the media can monitor court activity. *Id.* at 1178. Nonetheless, a narrow range of documents have traditionally been exempt from this rule for public policy reasons, such as grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Id.* A party must show good cause exists to seal. *Id.* at 1179-80.

In addition, Civil Local Rule 79-5(b) states:

  (b) Request to File Entire Document Under Seal. Counsel seeking to file an entire document under seal must:

      (1) File and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the entire document is sealable;

      (2) Lodge with the Clerk and serve a proposed order sealing the document;

1  (3) Lodge with the Clerk and serve the entire document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL";

(4) Lodge with the Clerk for delivery to the Judge's chambers a second copy of the entire document, in an identical labeled envelope or container.

N.D. Cal. L.R. 79-5(b).

Here, Plaintiff has not provided the Court with a copy of the letter, so it is unable to determine whether good cause exists to seal the entire letter. Accordingly, Plaintiff's request to file under seal is DENIED WITHOUT PREJUDICE. Plaintiff shall re-submit the request in compliance with Rule 79-5. Plaintiff should be mindful that even if there are portions of a document that should be filed under seal, it is preferable that a document be filed under Rule 79-5(c), with a redacted version of the document that can be filed in the public record. Thus, to avoid having the renewed motion denied as overbroad, Plaintiff may wish to submit the letter under 79-5(c) instead of 79-5(b).

**IT IS SO ORDERED.**

Dated: August 28, 2013

_____
Maria-Elena James
United States Magistrate Judge