UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO ENRIQUE ALEGRETT,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 12-cv-05538-MEJ<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 66, 67-72<br><br>**ORDER ON MOTION TO BIFURCATE**<br><br>Re: Dkt. No. 74 |

Pending before the Court are Plaintiff's and Defendants' motions in limine (Dkt. Nos. 66-72), and Defendants' motion to bifurcate Plaintiff's *Monell* claims (Dkt. No. 74). On May 8, 2014, the Court held a pretrial conference in this matter, at which time it heard oral argument on the motions. After carefully considering the parties' arguments and cited authorities, the Court now rules as follows.

**A.   Plaintiff's Motions in Limine**

   1.   Plaintiff's Motion in Limine No. 1 (Dkt. No. 66)

Plaintiff moves to exclude "any evidence of the circumstances leading up to and including the arrest" which were unknown to Defendant Matthew Sullivan ("Officer Sullivan") on the grounds that it is both irrelevant under Federal Rules of Evidence (FRE) 401 and 402 to the issue of whether excessive force was used on Plaintiffs, and that it is highly prejudicial under FRE 403. Plaintiff further argues that introducing this evidence would be a waste of time and may confuse the jury.

Defendants argue that evidence describing Plaintiff's assaultive behavior on civilians and officers, threats that he had a gun and was prepared to use it, and his suicidal intentions that were

1  not known by Officer Sullivan prior to his arrival at the scene of the arrest should not be excluded
2  because it is relevant to corroborate Officer Sullivan's testimony regarding Plaintiff's actions prior
3  to the officer's use of force.

4        Here, Plaintiff intends to argue that at the time Officer Sullivan struck him, he was not
5  dangerous, and did not pose a threat to the officers.  The Court finds that any evidence that refutes
6  these claims is relevant to corroborate Officer Sullivan's testimony regarding Plaintiff's actions.
7  *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) ("where what the
8  officer perceived just prior to the use of force is in dispute, evidence that may support one version
9  of events over another is relevant and admissible").  Thus, the Court DENIES Plaintiff's motion.

10       2.      <u>Plaintiff's Motion in Limine No. 2</u> (Dkt. No. 67)

11       Plaintiff moves to exclude any evidence of illicit drug use by Plaintiff, which was
12 unknown to Officer Sullivan before the arrest on the grounds that it is both irrelevant under FRE
13 401 and 402 to the issue of whether excessive force was used on Plaintiff, and that it is highly
14 prejudicial under FRE 403.  Plaintiff further argues that introducing this evidence would be a
15 waste of time and may confuse the jury.

16       In response, Defendants argue that evidence of whether Plaintiff had cocaine in his system
17 is relevant to the issue of Plaintiff's behavior prior to and during his arrest, and it may corroborate
18 the officers' version of the arrest.  Because evidence of what Officer Sullivan perceived is in
19 dispute, the Court finds this evidence is relevant.  *Boyd*, 576 F.3d at 944.  Accordingly, the Court
20 DENIES Plaintiff's motion.

21       3.      <u>Plaintiff's Motion in Limine No. 3</u> (Dkt. No. 68)

22       Plaintiff moves to preclude Defendants from mentioning any post-incident criminal
23 charges against Plaintiff on the grounds that it is both irrelevant under FRE 401 and 402 to the
24 issue of whether excessive force was used on Plaintiff, and that it is highly prejudicial under FRE
25 403.  Plaintiff further argues that introducing this evidence would be a waste of time and may
26 confuse the jury.

27       In response, Defendants argue that evidence showing Plaintiff admitted through his guilty
28 plea to engaging in assaultive behavior during the incident is evidence that tends to corroborate his

resistive or violent behavior at the time Officer Sullivan used force. *Boyd*, 576 F.3d at 944. Defendants also argue that this is evidence from which a jury may conclude that the force used was reasonable. The Court agrees with Defendants. *Palmdale v. City of Riverside*, 794 F.2d 1409, 1413-14 (9th Cir. 1986); *Graham v. O'Connor*, 490 U.S. 386, 369 (1989) ("severity of the crime at issue" is relevant to evaluating the reasonableness of force). Accordingly, the Court DENIES Plaintiff's motion.

**B.   Defendants' Motions in Limine**

   1.   <u>Defendants' Motion in Limine No. 1</u> (Dkt. No. 69)

Defendants move to exclude the following evidence as improper character evidence under FRE 404(b), and as unduly prejudicial under FRE 403:

> Evidence of other complaints, claims or lawsuits related to Officer Sullivan, or other incidents reported in the press or discovered by Plaintiff through other means, including, but not limited to Pl. Exhs. 26 and 27 (Declaration of Bradley Russi ("Russi Decl.") Exhs. A, B), Dkt. No. 73.
>
> All testimony from Coltyce Sanders, an individual who made one of the two citizen complaints regarding an incident involving Officer Sullivan."
>
> Evidence or questioning regarding Officer Sullivan's personnel file unrelated to this incident, including disciplinary or performance records.
>
> Any reference to the Office of Citizen Complaints investigation of Plaintiff's complaint.
>
> Pl. Exhs. 28-36 (Russi Decl. Exh. D), documents regarding unrelated incidents involving other officers.
>
> Pl. Exh. 13 (Russi Exh. C), SFPD General Order regarding the Early Intervention System.
>
> Evidence of or argument concerning other instances of law enforcement misconduct, such as the Rodney King or Oscar Grant cases.

The Court first considers Defendants' motion to exclude all reference to: (1) evidence of other complaints, claims or lawsuits related to Officer Sullivan; (2) evidence of other incidents reported in the press or discovered by Plaintiff through other means, including, but not limited to Pl. Exhs. 26 and 27 (Russi Decl. Exhs. A, B); and (3) the testimony of Coltyce Sanders, the

3

complainant who made one of the two citizen complaints, under FRE 403, 404(b), and Federal Rules of Civil Procedure 26.

As to the two previous incidents related to Officer Sullivan's conduct as a police officer, including testimony of any victim of such conduct, Plaintiff argues that this evidence is admissible and that its probative value outweighs its prejudicial effect. Plaintiff argues that the evidence is admissible under FRE 404(b)(2), because it proves "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Plaintiff argues that under the test set forth in *Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000), other acts evidence may be admissible under Rule 404(b) if: (1) there is sufficient proof for the jury to find that the defendant committed the other act; (2) the other act is not too remote in time; (3) the other act is introduced to prove a material issue in the case; and (4) the other act must be similar to the offense charged. Plaintiff contends that all four *Duran* factors would be met through the testimony of Coltyce Sanders and Officer Sullivan, and that the incidents are close in time.

The Court does not agree with Plaintiff's application of *Duran*. First, the issues of proof of the other acts would be time consuming and could lead to confusion of the issues, or could mislead the jury. *Duran*, 221 F.3d at 1133 (declining to hold a trial within a trial on the issue of proof of other acts). Moreover, even if all four conditions are met, the evidence may still be excluded if, under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Id*. Here, *Duran* mandates exclusion, as the marginal probative value of evidence of the unrelated and factually dissimilar incident (for which a citizen's complaint was not sustained), is substantially outweighed by the danger of unfair prejudice. *Id*. *Duran* would also require exclusion of the second citizen's complaint for similar reasons. Nor does the Court agree that these incidents are admissible under FRE 404(b)(2) for any other purpose.

Defendants have also moved to exclude evidence or questioning regarding Officer Sullivan's personnel file unrelated to this incident, including disciplinary or performance records or documents regarding unrelated incidents involving other officers (Pl. Exhs. 28-36 (Russi Decl. Exh. D)). Plaintiff does not provide any specific opposition to exclusion of this evidence. However, based on the analysis above, this evidence should also be excluded as unduly prejudicial

and as impermissible character evidence.

With respect to the last item, "unrelated but well known incidents of alleged law enforcement misconduct," Plaintiff contends that Defendants have not provided any authority or argument regarding exclusion of references to the Rodney King or Oscar Grant cases. Plaintiff contends that reference to these cases is necessary during the voir dire process in order to assess bias and prejudice in the juror pool.

Having carefully considered the parties' arguments, the Court GRANTS Defendants' motion in part and reserves its ruling with respect to the motion to exclude certain voir dire questions as follows:

Defendants' motion to exclude references to other acts evidence is GRANTED. Plaintiff may not present evidence of other incidents of use of force by Officer Sullivan. The Court agrees with Defendants that such evidence, including any testimony by Coltyce Sanders, is properly excluded as character evidence under Rule 404(b). Plaintiff may not refer to Officer Sullivan's personnel file or disciplinary history or performance records. Nor may Plaintiff refer to other incidents of misconduct by different officers.

The Court reserves its ruling with respect to whether Plaintiff may reference unrelated but well known incidents during voir dire for the sole purpose of gauging bias or prejudice in the juror pool. To insure that the questions referencing these cases are proper and are not intended to precondition the jury, the parties shall submit any questions in writing no later than 9:00 a.m. on Monday, June 9, 2014. Questions referencing the Rodney King case, Oscar Grant case, or other unrelated but well known incidents that do not conform with the applicable rules for voir dire will be excluded.

The motion to exclude any reference to the OCC investigation of Plaintiff's complaint and the SFPD General Order regarding the Early Intervention System is moot in light of the fact that the Court granted Defendants' motion for summary judgment on the *Monell* claims.

2.  Defendants' Motion in Limine No. 2 (Dkt. No. 70)

Defendants move to preclude Plaintiff from offering any expert medical testimony at trial regarding the causation of his behavior or the causation of any diagnosis he claims resulted from

this incident. Defendants also move to preclude Plaintiff from testifying as to his belief regarding the causation of his behavior on the day in question, that he has a diagnosable condition that has resulted from this incident, or that he will need treatment in the future as a result of this incident. This motion is based on Plaintiff's failure to disclose any medical experts as required by Federal Rule of Civil Procedure 26 and the Court's Scheduling Order in this case.

Plaintiff does not oppose the motion as to testimony that he has a diagnosable condition as a result of this incident or that he will need treatment in the future. Plaintiff instead maintains that he is entitled to testify about his physical and mental health prior to the incident, any disabilities he had prior to the incident, and any injuries he suffered from the incident including his mental pain and suffering. The Court agrees with Plaintiff. Plaintiff may testify regarding physical, mental, or emotional symptoms he has experienced under FRE 601 Plaintiff may not testify regarding the medical cause of his ailments, nor may he testify about statements his doctors made to him. Therefore, the Court GRANTS in part and DENIES in part Defendants' motion. Plaintiff may not testify that he has a diagnosable condition as a result of this incident or that he will need treatment in the future. However, Plaintiff may testify as to his own opinion of his physical, mental and psychological health.

3. <u>Defendants' Motion in Limine No. 3 (Dkt. No. 71)</u>

Defendants move to exclude certain opinions proffered by Plaintiff's expert, Roger Clark, including: (1) any opinion that does not rebut Defendants' police practices expert, Don Cameron; (2) that Officer Sullivan should have been given information regarding a previous wellness check conducted by other SFPD officers at Plaintiff's apartment earlier in the day, and all evidence related to this wellness check; (3) that Officers Kugler and Habib engaged in improper conduct in the detention of Plaintiff and/or in not communicating to Officer Sullivan information about Plaintiff's alleged mental crisis; (4) that there is a different standard for evaluating the force used by Officer Sullivan on Plaintiff due to his alleged mental crisis and all the SFPD policies regarding these issues identified as exhibits by Plaintiff. (Pl. Exhs. 15-19, 23, Russi Decl. F-K).

Plaintiff does not oppose the first issue. Accordingly, the Court GRANTS the motion. The motion to exclude any reference to the evidence regarding police practices and procedures

6

(topics (2)-(4)) is moot in light of the fact that the Court granted Defendants' motion for summary judgment on the *Monell* claims.

4. <u>Defendants' Motion in Limine No. 4  (Dkt. No. 72)</u>

Defendants move to exclude portions of the transcript of Plaintiff's preliminary hearing as inadmissible pursuant to FRE 804(b)(1) and because the testimony is hearsay.  This includes evidence of Plaintiff's criminal charges and the testimony of victim Drucilla Smith.  Smith was not deposed or identified as a witness.  Accordingly, in order for her preliminary hearing testimony to be admissible, Plaintiff must make a showing under FRE 804(b)(1) that Smith is unavailable.  Plaintiff has not made such a showing.  Further, Plaintiff does not oppose the motion.  Therefore, the Court GRANTS Defendants' motion.

**C. Motion to Bifurcate *Monell* Claims**

In light of the fact that the Court has granted Defendants' motion for summary judgment on the *Monell* claims, the motion to bifurcate the *Monell* claims is now MOOT.

**IT IS SO ORDERED.**

Dated: May 9, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge